# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 2:05-cr-348-JCM |
| ) | |
| MARIA GAUDALUPE SANDOVAL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Presently before the court is defendant's motion to dismiss pursuant to the Speedy Trial Act, 18 U.S.C. §3162 *et seq.* Doc. #41.

On September 7, 2005, defendant Maria Guadalupe Sandoval ("Sandoval") was indicted for one count of possession of methamphetamine with intent to distribute. Doc. #3. A jury trial was set for November 16, 2005. Doc. #4. At Sandoval's request, over the next twenty months the parties entered in six separate stipulations to continue the trial. Doc. ##8, 11, 18, 29, 34, 38. All stipulations provided that the time was excluded from the speedy trial act. *Id*.

After the fifth stipulation, trial was set for March 12, 2007. Doc. #34. The parties entered into a sixth stipulation that was filed, but a date was not set for trial. Doc. ##38,39. The parties entered into a seventh stipulation and order sometime around September 2007, to set the matter for trial. *See* Doc. ##41, 43. However, the stipulation was not filed with the court. On or around January 2008, the government contacted Sandoval and explained that a trial date had not been set and requested the parties enter into a new stipulation to set the matter for trial. *Id*.

Rather than enter into a new stipulation, Sandoval decided to file the present motion to dismiss. Doc. #41, on October 27, 2008.

1    On November 26, 2008, the magistrate judge issued and filed a report and recommendation to deny Sandoval's motion to dismiss. Doc. #49.

3    Meanwhile, the government filed an emergency motion to set the matter for trial, also on October 27, 2008. Doc. #40. The matter is currently set for trial on April 20, 2009. Doc. #58.

5    In order to trigger a speedy trial analysis, the defendant's delay must be "presumptively prejudicial." *See Doggett v. United States*, 505 U.S. 647, 652 (1992). Delays generally approaching one year are sufficient to meet the "presumptively prejudicial" threshold. *See United States v. Beamon*, 992 F.2d 1009, 1012-13 (9th Cir. 2003). Here, Sandoval's trial has been delayed thirty seven months, more than sufficient to trigger a speedy trial analysis.

10   Once triggered, to determine whether a defendant's sixth amendment rights to a speedy trial have been violated, the court applies a four part test: (1) whether the delay before trial was uncommonly long, (2) whether the criminal defendant is more responsible for the delay, (3) whether the defendant asserted her right to a speedy trial, and (4) whether the defendant suffered prejudice as a result of the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Here, Sandoval has experienced an uncommonly long delay of thirty seven months between indictment and trial. *See United States v. Lam*, 251 F.3d 852, 856 (9th Cir. 2001) (delay of 14½ months was beyond the minimum threshold for a *Barker* analysis).

18   However, Sandoval was substantially responsible for any pre-trial delay. Six separate stipulations were filed extending the trial date at Sandoval's request. Doc. ## 41, 43. After discovering that a trial was not set the government initiated a stipulation to have the matter set for trial. Doc. #43. However, a trial date was not set. *Id*. Once again, the government attempted to initiate another stipulation sometime around January 2008, to have the matter set for trial, but Sandoval requested time to discuss the possibility of filing the present motion. *Id.* Sandoval waited an additional ten months before filing the present motion. *Id*. Any failure to have the trial set after March 2007, cannot be attributed to the government. *See* Doc. #49.

26   Additionally, Sandoval did not timely exercise her right to a speedy trial. Once it became apparent the seventh stipulation was not filed and a trial date not set, Sandoval waited over a year to exercise her rights and file the present motion. *See* Doc. #49. Moreover, Sandoval expressly excluded

1  all prior continuances from being computed. Doc. #41.

2  Finally, Sandoval has not shown any prejudice to her case. Dismissal is not justified under
3  these circumstances absent evidence of actual prejudice. *See Beamon*, 992 F.2d at 1014-15
4  (government's negligence alone without a showing of actual prejudice does not entitle defendant to
5  relief); *see also United States v. Valentine*, 783 F.2d 1413, 1417-18 (9th Cir. 1986) (minimal
6  prejudice is insufficient); *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986) (possibility of
7  prejudice is not sufficient). Sandoval has not provided sufficient evidence to show that her defense
8  has actually been prejudiced; there is no evidence of diminished recollection from witnesses or loss
9  of exculpatory evidence. Doc. #49.

10  Based on the foregoing, the court finds that the length of delay is not sufficiently long enough
11  to require dismissal absent proof the Sandoval's defense has actually been prejudiced. Therefore,

12  IT IS ORDERED, ADJUDGED AND DECREED that defendant's motion to dismiss (Doc.
13  #41) is DENIED.

14  DATED this 6th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE